IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | | |
| vs. | § § § | CIVIL ACTION NO. 6:18-cv-352 |
| DOROTHY COKER, CHAD BRYANT COKER, MARK CLAY COKER, AND RYAN TODD COKER, | § § § § § | |
| Defendants. | § § | |

## COMPLAINT FOR INTERPLEADER

Pursuant to Federal Rule of Civil Procedure 22, Plaintiff Brighthouse Life Insurance Company ("Brighthouse") states as follows for its claim of interpleader against Defendants Dorothy Coker, Chad Bryant Coker, Mark Clay Coker, and Ryan Todd Coker.

### PARTIES AND JURISDICTION

1. This is a civil action in the nature of interpleader, seeking a determination by the Court of the proper beneficiary or beneficiaries of Annuity Contract No. 3500403978 (the "Annuity"), issued to Billy Bryant Coker (hereinafter, "Decedent") prior to his death. Brighthouse has attached a copy of the Annuity Contract to the Complaint as Exhibit 1. The contract is an IRA and the death benefits payable under the Annuity are in excess of $75,000.

2. Interpleader Plaintiff Brighthouse is incorporated in Delaware with its principal place of business in Charlotte, North Carolina. It is duly licensed to do business in the state of Texas. It is the successor of MetLife Investors USA Insurance Company, which issued the

Annuity.

3. Upon information and belief, interpleader defendant Dorothy Coker ("Dorothy") is the widow of Decedent and claims an interest in the Annuity as the purported beneficiary of the Annuity. Dorothy is a citizen of Texas and may be served with the summons and Complaint at 1902 Losak Road, Lorena, Texas 76655.

4. Upon information and belief, interpleader defendant Chad Bryant Coker ("Chad") is a son of Decedent. Chad claims an interest in the Annuity as a purported beneficiary of the Annuity. Chad is a citizen of Texas and may be served with the summons and Complaint at 5001 Ridgeview Dr., Waco, Texas 76710-1726.

5. Upon information and belief, interpleader defendant Mark Clay Coker ("Mark") is a son of Decedent and claims an interest in the Annuity as a purported beneficiary of the Annuity. Mark is a citizen of Texas and may be served with the summons and Complaint at 501 Kipling Dr., Waco, Texas 76710-5710.

6. Upon information and belief, interpleader defendant Ryan Todd Coker ("Ryan") is a son of Decedent and claims an interest in the Annuity as a purported beneficiary of the Annuity. Ryan is a citizen of Texas and may be served with the summons and Complaint at 3621 Jim Tom Dr., Waco, Texas 76706-3736.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the matter is between citizens of different states. Also, this is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and a substantial part of the events giving rise to

this action occurred in this district.

## GENERAL ALLEGATIONS

9. On or about December 5, 2007, Brighthouse issued the Annuity to Decedent. A true and correct copy of the Annuity Contract is attached hereto as Exhibit 1.

10. In his application for the Annuity, Decedent listed Chad, Mark and Ryan as the beneficiaries of the Annuity. A true and correct copy of the Variable Annuity Application is attached as Exhibit 2.[1]

11. Decedent died on or about October 14, 2018. *See* Death Certificate attached as Exhibit 3.

12. Prior to his death in June 2018, Decedent purportedly changed the beneficiary of the Annuity to Dorothy and sent Brighthouse two separate Beneficiary Change forms – one dated June 3, 2018 and one dated June 9, 2018. True and correct copies of the two 2018 Beneficiary Change forms sent to Brighthouse are attached hereto as Exhibit 4.

13. On or about September 12, 2018, an attorney for Chad, Mark and Ryan wrote a letter to Brighthouse stating that Decedent was incompetent or subject to undue influence by Dorothy. A true and correct copy of the September 12, 2018 Letter to Brighthouse is attached hereto as Exhibit 5.

14. Subsequently, on or about October 25, 2018, the attorney for Chad, Mark and Ryan, sent additional correspondence to Brighthouse, informing Brighthouse of the appointment of Chad as Temporary Administrator of the Estate of Billy Bryant Coker and again stating that Decedent was incompetent or subject to undue influence if he changed the beneficiary of the Annuity. A true

---

[1] All confidential information has been redacted from the Exhibits attached hereto.

and correct copy of the October 25, 2018 letter is attached as Exhibit 6.

15. By a claim form dated October 22, 2018, Dorothy submitted a claim for the death benefits payable under the Annuity. A true and correct copy of Dorothy's October 22, 2018 claim form is attached hereto as Exhibit 7.

16. It is unclear to Brighthouse who, under Texas law, is the proper beneficiary or beneficiaries of the Annuity.

### CAUSE OF ACTION IN INTERPLEADER

17. Brighthouse incorporates paragraphs 1 through 16 by reference as if fully set forth herein. The present action involves competing claims by Chad, Mark, Ryan and Dorothy as to the death benefit of the Annuity, and these competing claims expose Brighthouse to multiple liabilities.

18. Brighthouse is ready, willing, and able to pay the death benefit of the Annuity to the defendant or defendants the Court determines is the proper beneficiary or beneficiaries.

19. Brighthouse, as a mere stakeholder, has no interest (except to recover its attorneys' fees and costs in this action) in the death benefit of the Annuity and respectfully requests that this Court determine the person or persons entitled to receive it under the terms of the Annuity and under Texas law.

20. Brighthouse will file a motion seeking the entry of an order requesting the deposit of the death benefit of the Annuity into the Registry of the Court for disbursement in accordance with the judgment of this Court.

21. Brighthouse has not brought this Complaint in Interpleader at the request of any of the claimants.

22. No fraud or collusion exists between Brighthouse and any or all of the claimants.

23.     Brighthouse has brought this complaint of its own free will and to avoid conflicting and multiple claims of liability.

WHEREFORE, Interpleader Plaintiff Brighthouse requests that the Court grant the following relief:

a. Restrain and enjoin the Defendants from instituting any action or proceeding in any state or United States court against Brighthouse for the recovery of any death benefit of the Annuity, plus any applicable interest;

b. Require that Defendants litigate or settle and adjust between themselves their claims for the death benefit of the Annuity or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the death benefit of the Annuity, plus any applicable interest, should be paid;

c. Permit Brighthouse to pay into the Registry of the Court the death benefit of the Annuity plus any applicable interest, and upon such payment dismiss Brighthouse with prejudice from this action, and discharge and hold Brighthouse harmless from any further liability in connection with, arising out of, or relating to the Annuity or the death benefit of the Annuity, or any applicable interest, payable as a consequence of the death of the Decedent;

d. Award Brighthouse its costs and attorney's fees; and

e. Award Brighthouse such other and further relief as this Court deems just, equitable, and proper.

DATED: November 29, 2018.

Respectfully submitted,

*/s/ Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas  75219
Telephone:  (214) 599-4000
Telecopier: (214) 599-4099
lmoore@estesthornecarr.com

ATTORNEY FOR BRIGHTHOUSE LIFE INSURANCE COMPANY